[No. 18401. Department Two. July 9, 1924.]

WILLIAM I. J. FRANCIS, *Appellant*, v. M. HOARD *et al.*, *Respondents*.[1]

CONTRACTS (179) — ACTION FOR BREACH — NONPERFORMANCE BY PLAINTIFF—EVIDENCE—SUFFICIENCY.  Plaintiff, suing to recover an agreed share of the profits of a building contract, cannot recover where it appears that he did not in any particular perform his part of the agreement, which was to superintend the brick work and furnish part of the money for financing the construction of the building.

Appeal from a judgment of the superior court for King county, Hall, J., entered July 2, 1923, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Wingate & Benz*, for appellant.

*Rummens & Griffin*, for respondents.

MAIN, C. J.—The purpose of this action was to recover a portion of the profits arising out of a building contract.  The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,500.  A motion for judgment notwithstanding the verdict was interposed and sustained by the trial court and a judgment was entered dismissing the action.  From this judgment, the plaintiff appeals.

The facts may be summarized as follows:  One Gus Kelgren had a tentative contract for the construction of a building in the city of Seattle, the cost of which was to be approximately $135,000, but the contract could not be consummated until he furnished a bond in the sum of $50,000.  He was financially unable to secure such a bond and sought an interview with the appel-

[1] Reported in 227 Pac. 1.

lant, William I. J. Francis, whom he desired to assist in the securing of the bond. At the interview, Francis suggested that he would see the respondent M. Hoard. He went to see Hoard and made inquiry as to what percentage the latter would charge to bond, or have bonded, a building contract. To this Hoard replied that he would not consider the matter unless he was a party to the contract, and suggested to Francis that he bring the party that he was representing to his office. Shortly afterwards Kelgren, Francis and Hoard met in the latter's office. Hoard again declined to have anything to do with the matter unless he was a party to the contract. A conversation then took place looking to some arrangement by which the three of them might be interested in the contract. The question arose as to whether they should proceed under a corporation or a partnership, and it was finally concluded that a corporation should be formed. The parties again met during the afternoon of that day, and at that time Kelgren, in writing, assigned to Hoard a one-half interest in the contract. Francis objected to this. Further conversation took place between them and, as Francis claims, and so testified, it was agreed that Kelgren should have fifty per cent of the profits arising from the performance of the contract, and that the other fifty per cent should be divided equally between himself and Hoard. Francis was to superintend the brick work and also furnish two or three thousand dollars for the purpose of financing the enterprise. The building contract provided for the retaining by the owners of twenty per cent as a guarantee of its performance. The bond was given and the contract was signed by the Kelgren-Hoard Co., by M. Hoard and G. Kelgren.

A day or two later, another conversation occurred between Hoard and Francis in which the latter claims that Hoard again agreed to divide the profits with him

as above indicated. The construction of the building was then entered upon and it was completed sometime early in the year 1921. Francis did nothing in connection with the construction of the building and seems to have had no conversation and to have done nothing further with reference to the matter until on the 14th day of April, 1922, when he wrote a letter to Hoard demanding his share of the profits and threatening suit in the event that the request was not complied with. Thereafter the present action was begun.

Whether it be considered an action for an agreed share of the profits or an action for damages, as it is called in the appellant's brief, can make no difference. It will be unnecessary to review all the questions presented in the briefs, because there is one fatal defect to the appellant's right of recovery. According to his own testimony, he was to superintend the brick work, and the only reason that he gives for not appearing and offering his services when this work was ready to be performed (which fact he knew) was that he was not notified. He also testified, as already stated, that he was to contribute two or three thousand dollars towards the financing of the enterprise. Assuming that the facts are as testified to by Francis, though they are unequivocally denied by Hoard, we are unable to see how there can be a recovery by Francis, since he did not do the things which by the contract, as he defines it, he was required to do. Knowing that the brick work was ready, he was not justified in declining to offer his services as superintendent thereof simply by reason of the fact, as he claims, that he was not notified. Further than this, he did not assist in the financing of the job as his undertaking required him to do. As we view it, Francis, having failed to do the things which he was required to do under the contract, cannot now recover for what he claims was an agreed

share of the profits or damages for the breach of the contract, whichever the action may be construed to be.

The judgment will be affirmed.

FULLERTON, BRIDGES, and MITCHELL, JJ., concur.